Opinion of the court delivered by
Judge Peck.
The writ in this case is in debt, for filé sum of $¡181,50. The record informs us that the plaintiff by his attorney, at the return term of the writ, appeared and filed the following note: “One day after date I promise to pay II. R. W. *202 Hill or order $>181,59, value received, witness my hand ^ ^ ALEX’R. MEBANE, (l. S.)
Endorsed — “H. R. W. Hill.”
Upon the writ was the following plea in brief: “payment and issue,” A and P for the defendant; Maury p. q; verdict on the issue for plaintiff and judgment. Appeal to the circuit court, and verdict and judgment there for same sum, with 12! per centum, interest. On the record there is no cause of a'ction shown for the plaintiff below. There is no assignment in favor of the plaintiff; therefore, there is no reason apparent, why his name in preference to any other person’s should appear as plaintiff.
The acts of 1715, 1778 and 1794, all contemplate that the common-law forms should be pursued in prosecuting actions in our courts.
The act of 1794, ch. 1, is particular in requiring that within a given time,, declarations shall he filed, and that subsequent pleadings shall be followed up so as to produce an issue. In default of a declaration, and consequent injury to a plaintiff, the same act gives a remedy against the attorney. It is impossible, in looking into these acts to doubt a moment about their construction or import. They require that the wisdom of our ancestors shall not be departed from, in dispensing with the strict forms of pleading.
The act of 1811, ch. 114, permitting a plaintiff to appear and prosecute his own suit, was not intended for the ease of attorneys, and to tolerate a total disregard of all the other acts requiring that pleadings should be drawn out inform. In the last act, there is no repealing clause which can operate on previous acts, and the court will not extend the act of 1815 beyond the letter.
It is wholly useless to go into a speculation to see what evil consequences might follow from suffering a practice to be introduced into our courts, which would become subversive of that certainty in letting in evidence, which was intended to be the pride of the trial by jury, above' all other forms. It ought not to he the wish, and certain *203 ly is not the interest of the profession, to indulge in a practice which all experience has shewn to be destructive to that acumen and precision, which have always signalized the learned advocate.
We regret the necessity of being compelled to reverse the judgment of the circuit court. We are also of opinion that the act of 1815, ch. 114. should not he construed to tolerate the mere filing an assigned note as the foundation of the action in lieu of a declaration by an assignee.
Judgment reversed, and that plaintiff in error go hence, and recover his costs against the defendant in error.